IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PRYTIME MEDICAL DEVICES, INC.,<br><br>Plaintiff,<br>v.<br><br>FRONT LINE MEDICAL TECHNOLOGIES, INC.,<br><br>Defendant. | C.A. No. 6:26-cv-728<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Prytime Medical Devices, Inc. ("Prytime" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant Front Line Medical Technologies, Inc. ("Front Line" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement against Front Line for its infringement of U.S. Patent No. 12,797,578 ("the '578 Patent" or "the Asserted Patent"), and for unfair competition and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## PARTIES

2. Plaintiff Prytime is a Delaware corporation having a principal place of business at 12 Upper Balcones Road, Suite 300, Boerne, Texas 78006.

3. On information and belief, Defendant Front Line is a Canadian corporation with a principal place of business at 2 Bloor St West, Unit 700, Toronto, Ontario M4W 3E2, Canada.

4. On information and belief, Front Line's business includes developing, manufacturing, marketing, importing, and selling an aortic occlusion device known as the COBRA-OS (the "COBRA-OS Device" or the "Accused Product") to the United States market.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and in particular 35 U.S.C. §§ 271 and 281–285, and under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and in particular 15 U.S.C. §§ 1116, 1117, and 1125(a).

6. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.

7. This Court has personal jurisdiction over Front Line because, on information and belief, Front Line has purposefully availed itself of the benefits and protections of Texas's laws such that it should reasonably anticipate being haled into court here. On information and belief, Front Line uses, markets, and/or sells the COBRA-OS Device in Texas and derives revenue from the use and/or sale of the Accused Product in Texas.

8. Alternatively, on information and belief, this Court has personal jurisdiction over Front Line under FED. R. CIV. P. 4(k)(2) because Prytime's claims arise under federal law; Front Line is a foreign defendant not subject to personal jurisdiction in the courts of any state; and Front Line has sufficient contacts with the United States as a whole, including at least preparing, manufacturing, importing, offering to sell, and/or selling the COBRA-OS Device throughout the United States, such that this Court's exercise of jurisdiction over Front Line satisfies due process.

9. Venue in this District is proper under 28 U.S.C. § 1391(c)(3) because Front Line is a foreign corporation not residing in any state in the United States, and therefore may be sued in any judicial district.

## FACTS

10. Plaintiff Prytime is an innovative medical supply company specializing in novel occlusion catheters used to halt blood loss in emergency situations. Prytime owns numerous patents protecting this technology around the world.

11. Prytime currently markets and sells balloon catheter systems, including the pREBOA-PRO and ER-REBOA PLUS catheters, for performing Resuscitative Endovascular Balloon Occlusion of the Aorta ("REBOA") procedures. Prytime's catheter systems allow medical professionals to temporarily occlude large blood vessels to support hemorrhage control in patients undergoing severe blood loss. Prytime's pREBOA-PRO and ER-REBOA PLUS catheters obviate the need for an invasive surgical procedure to control bleeding in certain cases, instead facilitating a minimally invasive procedure in which a medical professional can position and inflate occlusion balloons to desired parameters on a patient's aorta to control the hemorrhage.

12. Prytime's REBOA systems are sold to medical professionals and hospitals throughout the United States.

13. On October 13, 2025, Curtis J. Franklin, David Spencer, and Todd J. Krummenacher ("the Inventors") filed U.S. Patent Application No. 19/356,360 ("the '360 Application") entitled "Occlusion Catheter System for Partial Occlusion or Full Occlusion."

14. The '360 Application is a continuation of U.S. Patent Application No. 17/563,629 filed on December 28, 2021, which is a continuation of U.S. Patent Application No. 16/133,193 filed on September 17, 2018, which is a continuation of U.S. Patent Application No. 15/551,504 filed on August 16, 2017, which is a national stage entry under 35 U.S.C. § 371 of International Application No. PCT/US16/23223 filed on March 18, 2016, which claims priority to U.S. Provisional Patent Application No. 62/204,804 filed on August 13, 2015; U.S. Provisional Patent

Application No. 62/136,571 filed on March 22, 2015; U.S. Provisional Patent Application No. 62/136,123 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/136,152 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/136,180 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/136,230 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/136,326 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/136,370 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/136,390 filed on March 20, 2015; U.S. Provisional Patent Application No. 62/135,552 filed on March 19, 2015; U.S. Provisional Patent Application No. 62/135,528 filed on March 19, 2015; U.S. Provisional Patent Application No. 62/135,576 filed on March 19, 2015; U.S. Provisional Patent Application No. 62/135,603 filed on March 19, 2015; U.S. Provisional Patent Application No. 62/135,609 filed on March 19, 2015.

15. In 2018, the Inventors assigned their interest in and to Application No. 15/551,504 and all divisionals, continuations, substitutes, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to Prytime, and the assignment was recorded in the United States Patent and Trademark Office (“PTO”).

16. On April 2, 2026, the ’360 Application was published as U.S. Patent Application Publication No. US 2026/0091199 A1.

17. On November 17, 2026, the ’578 Patent was duly and legally issued by the PTO based on the ’360 Application. A true and correct copy of the ’578 Patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

18. The ’578 Patent is valid and enforceable. The term of the ’578 Patent will expire on or about March 18, 2036.

19. Plaintiff Prytime possesses all rights of recovery under the ’578 Patent, including the right to sue for infringement, to recover damages, and to seek injunctive relief.

20. On information and belief, including through information available on Front Line’s website, Front Line makes, sells, and/or imports the Accused Product into the United States.

21. On information and belief, including through information available on Front Line’s website, Front Line has obtained FDA clearance and sells and/or imports the Accused Product into the United States for temporary occlusion of large vessels including patients requiring emergency control of hemorrhage and/or circulatory support.

22. Front Line has been aware of Prytime’s patents directed to REBOA catheter systems since at least January 2024, when Prytime sued Front Line for infringement of U.S. Patent No. 11,857,737, which is in the same patent family as the ’578 Patent. *See Prytime Medical Devices, Inc. v. Front Line Medical Technologies, Inc.*, No. 6:24-cv-00001-RP (W.D. Tex. filed Jan. 2, 2024).

23. As of November 17, 2026, the date this Complaint was filed and the date Prytime demanded that Front Line cease and desist from infringing activity, Front Line has knowledge of the ’578 Patent and its infringement thereof.

24. On information and belief, Front Line has infringed the claims of the ’578 Patent and its infringement will be willful if it continues to make, use, sell, and/or import the Accused Product into the United States.

## COUNT I
### INFRINGEMENT OF THE ’578 PATENT

25. Plaintiff Prytime realleges and incorporates by reference paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The claims of the ’578 Patent are presumed valid pursuant to 35 U.S.C. § 282.

27. On information and belief, Front Line is infringing at least claims 1, 2, 4, 5, 7–15, 17, and 19–25 of the ’578 Patent, either literally or under the doctrine of equivalents, by offering to sell, without license or authority, at least the Accused Product, and will continue to infringe the ’578 Patent through making, using, selling, and/or importing the Accused Product into the United States. The COBRA-OS Device infringes at least claims 1, 2, 4, 5, 7–15, 17, and 19–25 of the ’578 Patent as shown in the claim chart attached hereto as Exhibit B. (*See also* Declaration of David Spencer verifying the source of the photographs of the COBRA-OS Device, attached hereto as Exhibit C).

28. As a result of Front Line’s infringement of the ’578 Patent, Plaintiff Prytime has been damaged to an extent not yet determined.

29. Plaintiff Prytime is entitled to monetary damages adequate to compensate it for infringement by Front Line of the ’578 Patent, together with enhanced damages under 35 U.S.C. § 284, interest, costs, and attorneys’ fees under 35 U.S.C. § 285.

## COUNT II
### UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

30. Plaintiff Prytime realleges and incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Prytime and Front Line compete directly in the United States market for REBOA catheter systems. Prytime’s pREBOA-PRO Catheter is cleared by the United States Food and

Drug Administration ("FDA") for "temporary partial or complete occlusion of large vessels," making Prytime's pREBOA-PRO Catheter the first and only catheter FDA cleared for partial REBOA. (FDA 510(k) No. K243795.) In contrast, Front Line's COBRA-OS Device is cleared only for "temporary occlusion of large vessels" or full temporary occlusion of large vessels. (FDA 510(k) No. K201652.) On information and belief, Front Line has not obtained FDA clearance to market the COBRA-OS Device for partial occlusion of the aorta ("partial REBOA").

32. Nevertheless, Front Line promotes the COBRA-OS Device to U.S. purchasers for partial REBOA. In a video titled "Front Line Medical Technologies Inc. | COBRA-OS™ Educational Video," published on Front Line's YouTube channel (https://www.youtube.com/watch?v=fDrNJMhADfU), Front Line instructs clinicians: "to deflate the balloon open the stopcock and draw back on the syringe to deflate the balloon slowly or for partial reboa purposes remove 0.2 to 0.4 cc's at a time closing the stopcock each time." (*See* screenshot below, at 3:35.) Front Line's website likewise states that the "COBRA-OS® can do Partial REBOA too!" and its "[i]nnovative balloon design allows for partial REBOA and controlled deflation," while advertising that the device is available in the United States with "FDA Clearance." (https://frontlinemedtech.com/cobra-os/; https://frontlinemedtech.com/about-us/faqs/.) (Collectively, the "Partial REBOA Statements.")




33. The Partial REBOA Statements are commercial advertising and promotion that Front Line disseminates in interstate commerce. They are false or misleading representations of fact that misrepresent the nature, characteristics, and qualities of the COBRA-OS Device, because they represent that the COBRA-OS Device is designed for, capable of safely performing, and FDA-cleared for partial REBOA. The Partial REBOA Statements are literally false or, at a minimum, misleading.

34. The Partial REBOA Statements have deceived, or have a tendency to deceive, a substantial segment of potential consumers, and the deception is material to purchasing decisions because partial occlusion capability is an important consideration for purchasers of REBOA catheter systems and distinguishes Prytime's pREBOA-PRO Catheter from competing devices.

35. As a direct result of the Partial REBOA Statements, Prytime has been and is likely to continue to be injured, including through diverted sales and lost goodwill. On

information and belief, Front Line's conduct is willful because Front Line knows the scope of its own FDA clearance.

36. Front Line's conduct violates 15 U.S.C. § 1125(a)(1)(B) and has caused, and unless enjoined will continue to cause, irreparable harm to Prytime.

37. Prytime is entitled to injunctive relief under 15 U.S.C. § 1116, and to Front Line's profits, Prytime's damages, and costs, and, because this is an exceptional case, reasonable attorneys' fees, under 15 U.S.C. § 1117(a).

## JURY DEMAND

38. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Prytime prays for judgment in its favor and against Defendant Front Line for the following:

(a) A judgment that Front Line has infringed the '578 Patent;

(b) An award to Plaintiff Prytime of damages that are adequate to fully compensate it for Front Line's infringement of the '578 Patent from the first use, manufacture, sale, offer for sale, or importation of the COBRA-OS Device on or after the filing date of this Complaint, through the expiration of the '578 Patent, together with prejudgment interest and costs;

(c) A finding that Front Line's infringement was willful on or after the filing date of this Complaint;

(d) Enhancement of any damages awarded under 35 U.S.C. § 284 due to the willfulness of Front Line's infringement on or after the filing date of this Complaint;

(e) A permanent injunction enjoining Front Line and those in active concert or participation with Front Line from infringing the '578 Patent;

(f) A judgment that Front Line has engaged in unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(g) A permanent injunction under 15 U.S.C. § 1116 enjoining Front Line and those in active concert or participation with Front Line from representing that the COBRA-OS Device is designed, suitable, or FDA-cleared for partial REBOA, and requiring corrective advertising;

(h) An award to Plaintiff Prytime of Front Line's profits, Plaintiff Prytime's damages, and costs under 15 U.S.C. § 1117(a);

(i) A finding that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), and an award to Plaintiff Prytime of reasonable attorneys' fees in this action; and

(j) An award of such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

Dated: November 17, 2026

*/s/ Charles Ainsworth*

Charles Ainsworth (Bar ID No. 00783521)
PARKER, BUNT & AINSWORTH, PC
100 E. Ferguson, Suite 418
Tyler, TX 75702
Tel: (903) 531-3535
charley@pbatyler.com

*Attorneys for Plaintiff*
*Prytime Medical Devices, Inc.*

John D. Simmons*
Ikenna C. Ejimonyeugwo*
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Tel: (302) 394-6030
jsimmons@panitchlaw.com
iejimonyeugwo@panitchlaw.com

**to be admitted pro hac vice*